# EXHIBIT 1





IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

DEC 16 2020

BY_____ DEPUTY

JASON DURNING, as Personal )
Representative of the Estate of DOUGLAS )
DURNING, deceased, )
)
Plaintiff, )
vs. ) Case No. CJ 2020 606
)
Honeywell International, Inc., and ) PAUL HESSE
John Does 1-5, )
)
Defendants. ) JURY TRIAL DEMANDED

## PETITION

COMES NOW the Plaintiff Jason Durning, Personal Representative of the estate of Douglas Durning, Deceased, ("Plaintiff") and for his causes of action against the Defendants, Honeywell International Inc. ("Honeywell") and John Does 1-5 (collectively "Defendants") states and alleges as follows:

### PARTIES, JURISDICTION, VENUE

1. Plaintiff is a natural person residing in Oklahoma County, Oklahoma and is the child of Douglas Durning (Decedent).

2. Honeywell International Inc. is a Delaware Corporation headquartered in Charlotte, North Carolina and does business in Oklahoma.

3. Upon information and belief, each of the fictitiously named John Doe Defendants are responsible in some manner for the occurrences herein alleged which caused Douglas Durning's death, but their names are currently unknown.

4. This Court has jurisdiction over the parties and venue is proper in this judicial district because the parties conduct business in Oklahoma and the facts giving rise to the claims herein took place in Canadian County, Oklahoma.

5. The amount in controversy, exclusive of costs and interests, is in excess of $75,000.00

## GENERAL ALLEGATIONS

6. At approximately 3:30 p.m. on March 18, 2019, a Westwind 1124 (registration N4MH) airplane crashed near Sundance Airport in Canadian County, Oklahoma.

7. At the time, Douglas Durning ("Durning") and his co-pilot, Britton Lee ("Lee") (collectively "Decedents") were beginning their final approach to land at Sundance Airport.

8. Near touchdown, upon information and belief, a component of the aircraft malfunctioned, causing the aircraft to roll, invert, and crash.

9. The crash resulted in the deaths of both individuals.

10. Honeywell manufactured the engine equipped on the Westwind Aircraft at issue. This engine is believed to be a model No. TPE-331-3-1G.

11. Upon information and belief, the crash was the result of a mechanical defect with the engine which led to the erroneous deployment of the reverse thruster.

12. Alternatively, the crash was the result of a defect in the design or production of the engine or engine components.

## COUNT I:
### (Negligence/Products Liability)

13. Plaintiffs hereby adopt and incorporate paragraphs 1-12 above.

14. Upon information and belief, Honeywell was negligent in designing the engine in use at the time of the crash.

15. A product is defective in design if that design renders it less safe than expected by the ordinary consumer.

16. Upon information and belief, the defects in the mechanical components equipped on the subject Westwind aircraft at the time of the accident existed in the product at the time the product left the manufacturer's possession and control.

17. This believed defect made the product unreasonably dangerous to the Decedent, Douglas Durning.

18. At all times relevant hereto, Honeywell owed a duty to the passengers and pilots of the aircraft to exercise reasonable care and the highest standard of care in the design, manufacture, assembly, and sale of the engine so as not to cause injury to or the death of Douglas Durning.

19. Upon information and belief, Honeywell negligently breached the duty of care it owed through one or more of the following negligent acts or omissions:

   i. defects in the design and/or manufacture of the engine; and

   ii. the failure to warn about the defect in the engine.

20. Honeywell knew or should have known of its failure to properly and safety design, manufacture, assemble, install, modify, test, and inspect the engine, including its component parts. Honeywell knew or should have known that this failure to properly design, manufacture, assemble, install, modify, test and inspect the engine and its component parts would create an unreasonable risk of harm, loss, or death to person, including the Plaintiffs' decedent onboard the plane containing the engine in question.

21. At the time of manufacture, the likelihood that the engine would cause injury or death to passengers onboard the aircraft, including Durning, and the seriousness of those harms,

outweighed the burden on Honeywell to design the aircraft in a way that would have prevented those harms.

22. The believed defects in the manufacture, design, and/or assembly of the engine or engine components caused the crash of the aircraft, which led directly and proximately to the injury and loss of everyone onboard the aircraft, including Douglas Durning. This loss also harmed the decedent's family.

23. Honeywell, through its agents and employees, acted in reckless disregard for the safety of others, which led directly and proximately to the injury and loss of everyone onboard the aircraft, including Douglas Durning. This loss also harmed the decedent's family.

24. Accordingly, under 12 OK Stat § 12-1053, Plaintiff is entitled to judgment against each Defendant in excess of $75,000, for actual and punitive damages, interest, and costs.

## COUNT II
### (Breach of Warranty)

25. Plaintiff hereby adopts and incorporates paragraphs 1-25 above.

26. Honeywell, through its agents and employees, represented expressly and/or impliedly that the engine, its parts and components, and its accompanying warnings and instructions, were safe and appropriate for the purpose of air travel, were of merchantable quality, and were free from defects.

27. Upon information and belief, this express and/or implied warranty was breached when the engine, its parts and components, and its accompanying warnings and instructions, were not safe and appropriate for the purpose of air travel, were not of merchantable quality, and were not free from defects.

28. Durning was an intended beneficiary of Honeywell's warranties as a pilot and passenger of the subject Westwind which was equipped with Honeywell products at the time of the crash.

29. Upon information and belief, the injuries and damages suffered by Plaintiffs, Plaintiffs' decedents, and the decedent's family resulted directly from Honeywell's breach of the aforementioned warranties.

30. Accordingly, under 12 OK Stat § 12-1053, Plaintiff is entitled to judgment against the defendants in excess of $75,000, for actual and punitive damages, interest, costs, and attorney's fees.

### COUNT III:
### (Strict Liability)

31. Plaintiffs hereby adopt and incorporate paragraphs 1-37 above.

32. Honeywell designed, manufactured, assembled, installed, modified, inspected, tested, repaired, marketed, sold, and/or distributed certain aircraft parts together with their component parts, into the stream of commerce, with full knowledge and intent that the aircraft would be used by the aviation community, including passengers and pilots, for flight operations.

33. Upon information and belief, at all times material to this Petition, the subject aircraft was sold and/or delivered without being altered by some other third party, without substantial change in the condition in which it was sold and/or delivered by Honeywell, and was being used as intended by, and/or in a manner that was reasonably foreseeable to Honeywell.

34. Upon information and belief, when Honeywell placed the aircraft into the stream of commerce, the aircraft was defective in its manufacture, design and/or assembly.

35. Upon information and belief, the aircraft failed to perform in a manner reasonably to be expected in light of its nature and intended purpose. The defects in the manufacture, design and/or assembly of the aircraft were unreasonably dangerous conditions.

36. Upon information and belief, the engine was not reasonably safe as designed. At the time of manufacture, the likelihood that the engine would cause injury, loss or death to passengers onboard the aircraft or loss of the aircraft and passengers thereon, including Durning, and the seriousness of those harms outweighed the burden on Honeywell to design the engine in a way that would have prevented those harms.

37. Upon information and belief, the defects in the manufacture, assembly and/or design of the engine caused the crash which led directly and proximately to the deaths of Plaintiffs' decedent.

38. The crash and loss of the passengers was a reasonable and foreseeable consequence of Honeywell's defective design, manufacture and/or assembly of the engine for which Honeywell is strictly liable.

39. Processors, assemblers, and all others similarly situated in processing and distribution are included in the definition of "manufacturer" to which the doctrine of manufacturers' products liability, specifically, strict liability, is applicable.

40. Douglas Durning and his estate was injured, lost, and suffered damages as a result of Honeywell's defective design, manufacture and/or assembly.

41. Accordingly, under 12 OK Stat § 12-1053, Plaintiff is entitled to judgment against each defendant in excess of $75,000, for actual and punitive damages, interest, and costs.

42. Accordingly, under 12 OK Stat § 12-1053, Plaintiff is entitled to judgment against the defendants in excess of $75,000, for actual and punitive damages, interest, and costs.

WHEREFORE, Plaintiff respectfully prays for the relief requested above and for such other relief, including but not limited to, damages for physical injuries, mental pain and anguish, loss of enjoyment, and funeral and burial expenses, all in an amount in excess of $75,000.00, in addition to relief as the Court deems equitable and proper.

Respectfully submitted,

*ATTORNEY'S LIEN CLAIMED*

Conner L. Helms, OBA No. 12115
**HELMS LAW FIRM**
One N.E. Second Street, Suite 202
Oklahoma City, Oklahoma 73104
Telephone: (405) 319-0700
Facsimile: (405) 319-9292
conner@helmslegal.com
*ATTORNEY FOR PLAINTIFF*