UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON DURNING, as Personal Representative of the Estate of DOUGLAS DURNING, deceased,<br><br>  Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC.; JOHN DOES 1-5,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-21-37-J<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is Defendant Honeywell International, Inc.'s (Honeywell) Motion to Dismiss under Rule 12(b)(2) [Doc. No. 4]. Plaintiff has filed his response, and Defendant has filed a reply.

**I.    Introduction**

This case arises from an airplane crash that occurred on March 18, 2019, that resulted in the death of Douglas Durning (Durning). Durning was the pilot and was flying a Westwind 1124 airplane. As he and his co-pilot were beginning their final approach to land at Sundance Airport in Canadian County, Oklahoma, it is believed that a component of the airplane malfunctioned, causing the plane to roll, invert, and crash. AlliedSignal Inc., a predecessor to Honeywell, designed and manufactured the engine equipped on the plane. Plaintiff alleges that the crash was the result of a mechanical defect with the engine or, alternatively, was the result of a defect in the design or production of the engine or engine components.

On December 16, 2020, Plaintiff filed this case in the District Court of Canadian County, State of Oklahoma. On January 15, 2021, Honeywell removed the case to this Court. Honeywell

now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss Plaintiff's claims against it for lack of personal jurisdiction.

## II. Dismissal for Lack of Personal Jurisdiction Standard

Plaintiff bears the burden of establishing personal jurisdiction. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). However, when a motion to dismiss is decided at the preliminary stage based upon the complaint and affidavits, a plaintiff need only make a prima facie showing of personal jurisdiction. *See id.* at 1070. In determining whether Plaintiff has made a prima facie showing, the Court resolves all factual disputes in favor of Plaintiff. *See id.* Further,

> [t]o obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry.

*Intercom, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum State. The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (internal quotations and citations omitted).

**III.     Analysis**

Plaintiff asserts the Court has both general and specific personal jurisdiction over Honeywell.

**A.     General personal jurisdiction**

A court may assert general jurisdiction over a corporation when its "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (internal quotations and citations omitted). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business."  *Id.* (internal citations omitted).  It is undisputed that Honeywell is incorporated in Delaware and its principal place of business is in North Carolina.  *See* Petition [Doc. No. 1-1] at 1.

Honeywell has a repair and overhaul facility in Tulsa, Oklahoma, that has approximately 70 employees.  *See* Declaration of Tim Hearn [Doc. No. 5-1] at 2.  Based upon the presence of this facility and its employees in Oklahoma, Plaintiff contends that this Court may assert general jurisdiction over Honeywell.  Plaintiff asserts that these business contacts with Oklahoma are so continuous and systematic as to render it essentially at home in Oklahoma.  In light of the Supreme Court's recent decisions, the Court concludes that Honeywell's facility in Tulsa is not an affiliation with Oklahoma that is so continuous and systematic as to render it essentially at home in Oklahoma.  *See Tyrrell*, 137 S. Ct. at 1559 (finding railroad's 2,000 miles of track and employment of more than 2,000 employees in Montana insufficient to render it essentially at home in Montana); *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (holding argument that court may exercise general personal jurisdiction in every state in which corporation engages in substantial, continuous, and systemic course of business is unacceptable grasping).  As the Supreme Court has stated: "[a]

corporation that operates in many places can scarcely be deemed at home in all of them." *Tyrrell*, 137 S. Ct. at 1559 (internal quotations and citation omitted).

Accordingly, the Court concludes that it does not have general personal jurisdiction over Honeywell.

**B.      Specific personal jurisdiction**

Specific personal jurisdiction is quite different from general jurisdiction.  In order for a court to exercise specific jurisdiction, the case must arise out of or relate to the defendant's contacts with the forum.  *See Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).  "In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (internal quotations and citation omitted).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781.

Having reviewed the parties' submissions, the Court concludes it does not have specific personal jurisdiction over Honeywell.  The Court finds there is no connection between Honeywell's activities in Oklahoma and the specific claims at issue in this case.  Plaintiff is asserting claims against Honeywell based upon alleged defects in the design, manufacture, warnings, and instructions for the TFE 731-3D-1G engines[1] that were in the plane that crashed. These engines were designed and manufactured in Arizona. *See* Declaration of Tim Hearn [Doc. No. 5-1] at 2.  Further, Honeywell's interactions with the subject engines were limited to overhaul

---

[1] In his Petition, Plaintiff alleges that he believes the engines in the plane that crashed were a model no. TPE-331-3-1G.  Both Honeywell's motion to dismiss and the Declaration of Tim Hearn state that the engines were TFE 731-3D-1G engines.  In his response to the motion to dismiss, Plaintiff also refers to the engines involved as TFE-731-3D-1G engines.

work performed in Arizona.  *See id.*  The TFE 731-3D-1G engine has never been designed or manufactured in Oklahoma, and the Honeywell facility in Tulsa, Oklahoma does no work related to these engines.  *See id.*  All of the conduct giving rise to Plaintiff's claims occurred in Arizona, not in Oklahoma.

        **C.**     **Plaintiff's request to conduct discovery**

If the Court finds that Plaintiff has not made a prima facie showing of personal jurisdiction, Plaintiff alternatively requests leave to conduct preliminary discovery to establish what contacts Honeywell has with the forum state and whether personal jurisdiction is proper.  The Tenth Circuit has held:

> A district court abuses its discretion in denying a jurisdictional discovery request where the denial prejudices the party seeking discovery.  Prejudice exists where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (internal quotations and citations omitted).

Having reviewed Plaintiff's response, the Court concludes additional discovery is not necessary.  Specifically, the Court finds there are no relevant facts in dispute.  Any contacts that Honeywell has with Oklahoma that do not relate to the claims at issue in this case are not relevant, and Plaintiff has not shown that the discovery he seeks relates to contacts Honeywell has with Oklahoma related to the engine at issue.

The Court, therefore, denies Plaintiff's request to conduct discovery.

**IV.**    <u>**Conclusion**</u>

For the reasons set forth above, the Court concludes that it does not have personal jurisdiction over Honeywell.  Accordingly, the Court GRANTS Honeywell's Motion to Dismiss

under Rule 12(b)(2) [Doc. No. 4] and DISMISSES Plaintiff's claims against Honeywell. In light of the Court's dismissal of the claims against Honeywell, the Court REMANDS this case to the District Court of Canadian County, State of Oklahoma.

    IT IS SO ORDERED this 3rd day of March, 2021.

*/s/ Bernard M. Jones*
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE